UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| RAUL RIVERA CHAVEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL NO. MO-16-CV-66-DAE |
| § | |
| ROBERT A. JUNELL, Judge, § | |
| § | |
| Respondents. § | |

**ORDER OF DISMISSAL**

On this date came on to be considered pro se Petitioner Raul Rivera Chavez's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is seeking credit against his current federal criminal sentence for time served in state custody. Because Petitioner is currently incarcerated outside the geographic boundaries of this Court, this Court lacks jurisdiction over this § 2241 habeas corpus action. Petitioner's request for credit for time served will be dismissed without prejudice.

Background

On December 17, 2014 (ECF no. 6 in cause no. MO-14-CR-301-RAJ), a federal grand jury sitting in the Midland-Odessa Division of this Court indicted Petitioner (under the name "Paul Rivera Chavez") on a single count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a)(1). On May 6, 2015, Petitioner entered a guilty plea before the Magistrate Judge (ECF no. 51 in cause no. MO-14-CR-301-RAJ). On June 24, 2015, the District Court (per Judge Robert A. Junell) sentenced Petitioner to serve a 33-month term of imprisonment, to be followed by a five-year term of supervised release (ECF no. 69 in cause no. MO-14-CR-301-RAJ). Petitioner appealed (ECF no. 71 in cause no. MO-14-CR-301-RAJ). On October 26, 2015, the Fifth Circuit dismissed

Petitioner's appeal pursuant to his motion. *United States v. Chavez*, no. 15-50616 (5th Cir. Oct. 26, 2015).

On November 12, 2015, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (ECF no. 83 in cause no. MO-14-CR-301-RAJ). On December 15, 2015, Petitioner filed a brief memorandum in support of his motion to vacate (ECF no. 89 in cause no. MO-14-CR-301-RAJ). On December 18, 2015, Petitioner filed a second motion to vacate pursuant to § 2255 (ECF no. 90 in cause no. MO-14-CR-301-RAJ). This Court consolidated Petitioner's motions to vacate in an Order issued January 4, 2016 (ECF no. 95 in cause no. MO-14-CR-301-RAJ). In an Order and Judgment issued February 9, 2016 (ECF nos. 96 & 97 in cause no. MO-14-CR-301-RAJ), this Court dismissed Petitioner's consolidated motions to vacate for failure to prosecute and comply with the Court's Orders. Petitioner did not appeal that dismissal.

Proceedings in this Court

On March 15, 2016, Petitioner filed this federal habeas corpus action, naming as respondent Judge Junell and seeking credit against Petitioner's federal sentence for time spent in state custody (ECF no. 1 in this cause).[1] On April 11, 2016, Petitioner filed an affidavit in support of his request for credit for time served. Both Petitioner's Section 2241 petition and his affidavit arrived at the office of the Clerk of this Court in envelopes bearing return addresses of the Federal Correctional Complex in Adelanto, California.

Analysis

A claim for time served prior to the date of a federal sentence is cognizable only in a

---

[1] The Court notes that Petitioner's pro se pleadings in this cause do not identify any legal authority, legal theory, or rationale under which Petitioner claims to be entitled to credit against his federal sentence for time served in state custody.

proceeding for habeas corpus relief brought pursuant to Title 28 U.S.C. § 2241. *See Setser v. United States*, 132 S. Ct. 1463, 1473, 182 L. Ed. 2d 455 (2012) (holding federal prisoner seeking credit against his federal sentence for time served in state custody could seek relief under § 2241 after first exhausting available administrative remedies through Bureau of Prisons); *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (construing pro se § 2255 motion seeking credit for time served on bond as a petition for relief under § 2241); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990) (holding claims for time served are not cognizable in a 28 U.S.C. § 2255 proceeding but rather must be addressed as habeas corpus petitions under 28 U.S.C. § 2241); *United States v. Mares*, 868 F.2d 151, 151-52 (5th Cir. 1989) (holding a claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Rule 36 of the Federal Rules of Criminal Procedure, but must instead proceed via a petition for writ of habeas corpus under 28 U.S.C. § 2241); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988) (holding a claim for credit for time served is not cognizable in a Rule 35 proceeding; it must be advanced in a petition for habeas corpus under 28 U.S.C. § 2241); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

The relief which movant seeks through the petition filed March 15, 2016, cannot be awarded by this Court except in a habeas corpus proceeding brought pursuant to § 2241. *Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010) (holding § 2241 habeas corpus action the appropriate vehicle for seeking credit for time served); *Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003); *Free v. Miles*, 333 F.3d 550, 551-54 (5th Cir. 2003); *United States v. Weathersby*, 958 F.2d at 66; *United States v. Garcia-Gutierrez*, 835 F.2d at 586. Petitioner has identified the correct procedural vehicle through which to seek credit for time served against his federal criminal sentence.

There are two fundamental problems, however, with Petitioner's request for credit for time

served from *this* Court. First, as a prerequisite to obtaining relief under § 2241, Petitioner must first exhaust his administrative remedies through the Bureau of Prisons. *Setser v. United States*, 132 S.Ct. at 1473; *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (holding § 2241 habeas action seeking credit for time served was not ripe until the Bureau of Prisons denied the defendant's request for credit for time served); *United States v. Gabor*, 905 F.2d at 78 n.2. Petitioner does not allege any specific facts showing he has made any effort to date to exhaust available administrative remedies through the Bureau of Prisons.

Second, Petitioner is currently located in Adelanto, California, clearly outside the geographic boundaries of this District. A convicted defendant may file a Section 2241 action only in the place where he or she is incarcerated. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001); *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) ("'[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.'" (*quoting Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000)), *cert. denied*, 531 U.S. 1132 (2001); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (holding a Section 2241 petition must be filed in the district where the prisoner is incarcerated). Petitioner is not currently incarcerated within the geographic boundaries of this Court. 28 U.S.C. § 124(d). Because Petitioner is currently incarcerated in Adelanto, San Bernardino County, California, the proper place for Petitioner to file his § 2241 habeas corpus petition is the federal district court for the place where he is currently incarcerated, i.e., the Eastern Division of the United States District Court for the Central District of California. 28 U.S.C. Section 84(c)(1).

Finally, for the benefit of the pro se Petitioner, this Court notes Petitioner has failed to

identify the proper respondent in this § 2241 action.  The proper respondent is the person who has custody over the Petitioner. i.e., the warden of the Federal Correctional Complex in Adelanto where Petitioner is currently incarcerated.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004):

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242 . . . there is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*.

Accordingly, it is hereby **ORDERED** that Petitioner's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241, filed March 15, 2016 (ECF no. 1), as supplemented by Petitioner's affidavit filed April 11, 2016 (ECF no. 4), is **DISMISSED FOR WANT OF JURISDICTION without prejudice to Petitioner's right to file a new § 2241 habeas corpus action in the appropriate federal court naming the appropriate respondent <u>after</u> Petitioner first exhausts administrative remedies available through the Bureau of Prisons.**

    **SIGNED this 2nd day of May, 2016.**

                                                   David Alan Ezra
                                                   Senior United States Distict Judge